JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

5:17-cv-5628

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SEE ATTACHED SHEET

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

SEE ATTACHED SHEET

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
  Defendant
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:
FCRA, 15 U.S.C. § 1681 TILA, 15 U.S.C. § 1601, PAUFA, 73 P.S. § 201-1.

## VII. REQUESTED IN COMPLAINT:

☒  CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
12/15/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

DEC 15 2017

## CIVIL COVER SHEET ATTACHEMENT

**Plaintiff:**

Christopher Brogan, 473 Pennsylvania Avenue, Reading, PA  19606

### Represented by:

The Kim Law Firm, LLC
Richard Kim, Esquire
Attorney I.D. No: 202618
1500 Market St.
Centre Square – West Tower
Suite W – 3110
Philadelphia, PA  19102
Ph. 855-996-6342
Fax 855-235-5855
rkim@thekimlawfirmllc.com

Ferrara Law Group, P.C.
Kevin J. Kotch, Esquire
One State Street Square
50 W State St., Suite 1100
Trenton, NJ  08608
Ph. 609-571-3742
Fax 609-498-7440
kevin@ferrerelawgp.com

**Defendant:**

Fred Beans Motors of Doylestown, Inc.: 858 North Easton Road, Doylestown, PA  18902

DEC 15 2017

**17** **5628**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____473 Pennsylvania Avenue, Reading, PA 19606_____

Address of Defendant: _____858 North Easton Road, Doylestown, PA 18902_____

Place of Accident, Incident or Transaction: _____Pennsylvania_____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) _____Fair Credit Reporting Act, 15 U.S.C. § 1681, Truth in Lending Act, 15 U.S.C. § 1601, Pennsylvania Unfair Trade Practices and Consumer Protection Laws, 73 P.S. § 201-1._____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____Richard Kim_____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____12/15/17_____ _____ _____202618_____
Attorney-at-Law Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____12/15/17_____ _____ _____202618_____
Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

DEC 15 2017



## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Christopher Brogan, on behalf of himself and all others similarly situated | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| Fred Beans Motors of Doylestown, Inc. | : | NO. 17  5622 |
| DEFENDANT. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.               ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)               (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 12/15/17 | _(signature)_ | Richard Kim |
| **Date** | **Attorney-at-law** | **Attorney for** PLAINTIFF |
| 855-996-6342 | 855-235-5855 | rkim@thekimlawfirmllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 15 2017





## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Christopher Brogan, on behalf of himself and all others similarly situated | : |
| | : |
| **PLAINTIFF,** | : Civil Action No. 🅰 🅾  5628 |
| | : |
| v. | : **CLASS ACTION COMPLAINT** |
| | : |
| Fred Beans Motors of Doylestown, Inc. | : |
| | : **JURY TRIAL DEMANDED** |
| **DEFENDANT.** | : |

FILED
DEC 15 2017
By KATE BARKMAN, Clerk
Dep. Clerk

Plaintiff Christopher Brogan ("Mr. Brogan", "Brogan" or "Plaintiff"), by and through

his undersigned attorneys, on behalf of himself, and the Putative Classes set forth below, and in

the public interest, hereby brings the following class action Complaint against Defendant Fred

Beans Motors of Doylestown, Inc. ("Fred Beans" or "Defendant") pursuant to the Fair Credit

Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"), the Truth in Lending Act, 15 U.S.C. §

1601, *et seq.* ("TILA") and the Pennsylvania Unfair Trade Practices and Consumer Protection

Law, 73 P.S. § 201-1, *et seq.* ("PAUFA")

### PRELIMINARY STATEMENT

1.       Fred Beans is an area car dealership that sells both new and used automobiles, and

is believed to sell thousands of vehicles every year.

2.       Fred Beans enters into retail installment sales contracts with consumers that set

forth the terms of the sale, including required financial disclosures under the law. As discussed

below, the retail installment sales contracts prepared by Fred Beans are false, misleading and

incorrect because the finance charges are supposed to be lower than what Fred Beans claims them

1

to be in the contracts.  The misstatement is knowingly false, and always in favor of the Defendant, thereby deceptively and intentionally charging consumers undisclosed fees without their knowledge.

3.     In its retail installment sales contracts with consumers, Fred Beans also wrongfully includes a "Dealer Fee".  The Dealer Fee is represented as a charge for preparing documents related to transactions.  However, the Dealer Fee bears no rational relationship to the preparation of documentation, and is only meant to generate additional revenue for Fred Beans in the guise of a charge for document preparation.

4.     After entering into binding contracts with consumers, and having issued financing terms for transactions, without any permissible purpose, Fred Beans wrongfully continues to cause hard credit inquiries to be conducted.  These hard credit inquiries result in, among other things, decreases in credit score as well as privacy harm.

5.     Moreover, despite issuing contracts that are binding and final, Fred Beans wrongfully reissues new sales contracts at its whim, and for its own benefit.  Thus, the purported financing disclosures issued by Fred Beans during a transaction are illusory.

6.     Fred Bean's wrongdoing has resulted in, among other things, violations of the FCRA, TILA and PAUFA.

7.     Accordingly, on behalf of himself and the Putative Classes proposed herein, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, equitable relief, and all other appropriate relief pursuant to the FCRA, TILA and PAUFA.

## **PARTIES**

8.     Individual and representative Plaintiff Christopher Brogan is a resident of Reading, Pennsylvania.  Mr. Brogan is a member of the Putative Classes defined below, and is a consumer

as that term is defined by applicable law, including but not limited to the FCRA, TILA and PAUFA.

9.      Defendant Fred Beans is a company with a principal place of business in this District, at 845 N. Easton Rd., Doylestown, Pennsylvania, 18902, with a corporate address of 858 North Easton Road, Doylestown, Pennsylvania 18902. Fred Beans is a: (i) "person" as that term is defined by 15 U.S.C. § 1681a(b) and 73 P.S. § 201-2(2); and (ii) a "creditor" as that term is defined by 15 U.S.C. § 1601(g) and 12 C.F.R. 226.2(a)(17).

## JURISDICTION AND VENUE

10.      This Court has federal question jurisdiction over Plaintiff's FCRA and TILA claims pursuant to 28 U.S.C. § 1331 and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

11.      Venue is proper in the United States District Court, Eastern District of Pennsylvania, Philadelphia, pursuant to 28 U.S.C. § 1391(b) as Defendant engages in substantial business activity in this district and a substantial part of the events or omissions giving rise to the claim occurred within this district. 28 U.S.C. § 1391(b).

12.      Fred Beans maintains a principal place of business in this District, does substantial business in this District, and is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

13.      When selling automobiles, Fred Beans holds itself out in retail installment sales contracts with consumers as a creditor-seller to whom consumers are obligated to pay the amount financed, prior to immediately transferring financing to a third-party financier/creditor.

14.      Fred Beans is also the person whom the debt arising from the consumer credit transaction is initially payable when purchasing an automobile. As such, Fred Beans regularly

extends credits to its customers to finance their automobiles prior to immediately assigning retail installment sales contracts.

15.     On March 20, 2017, Mr. Brogan entered into a Retail Installment Sales Contract with Fred Beans ("RISC #1") and purchased a 2016 Subaru Impreza (the "Vehicle"). RISCS #1 is attached as **Exhibit 1**.

16.     RISC #1 included, among other things, a Federal Truth-In-Lending disclosure regarding the financing terms offered by Fred Beans for the sale of the Vehicle:

| FEDERAL TRUTH-IN-LENDING DISCLOSURES | | | | |
|---|---|---|---|---|
| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | AMOUNT FINANCED | TOTAL OF PAYMENTS | TOTAL SALE PRICE |
| 8.74% | $12,011.45 | $39,242.80 | $51,254.25 | $51,254.25 |

See **Exhibit "1"**.

17.     It is further disclosed that, based on the above terms, Mr. Brogan is to make 75 monthly payments at $683.39 per month.

18.     These disclosures are false and misleading because, among other reasons, the finance charge is incorrect, and fails to disclosure an additional charge or fee charged to Plaintiff and other members of the putative classes. Fred Beans over stated the Finance Charge in its favor. Indeed, $39,242.80 financed at 8.74% and amortized over 75 monthly results in a finance charge of approximately **$11,828.42**, and not **$12,011.45**, the difference being **$183.03**.

19.     The improper financing charge further causes the disclosures to be false and misleading because, among other reasons, the "Total of Payments" and "Total Sale Price" are false.

4

20.    Mr. Brogan detrimentally relied on the false information in the Federal Truth-In-Lending Disclosures when entering into RISC #1, and obligating himself to the terms of that contract.

21.    In RISC #1, Fred Beans improperly included a $138 Dealer Fee that was only supposed to be a charge for the preparation of documentation relating to the transaction. This charge actually has no rational relationship to document preparation, and is only meant as an additional expense to increase Fred Bean's revenue.

22.    RISC #1 was a valid and binding contract, and RISC #1 represented that financing for the Vehicle was to be transferred to Fifth Third Bank ("Fifth Third").

23.    Based on RISC #1, Plaintiff left Defendant's dealership and returned home with the Vehicle.

24.    After leaving with the Vehicle, on or about April 20, 2017, Defendant sent Mr. Brogan a second Retail Installment Sales Contract ("RISC #2), which was different than RISC #1. RISCS #2 is attached as **Exhibit 2.**

25.    RISC #2 was backdated to March 20, 2017. Defendant knowingly and intentionally dated RISC #2 as March 20, 2017, and completely disregarded RISC #1, even though it was a binding contract.

26.    RISC #2 provides, among other things, the following financial disclosures:

| FEDERAL TRUTH-IN-LENDING DISCLOSURES | | | | |
|---|---|---|---|---|
| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | AMOUNT FINANCED | TOTAL OF PAYMENTS | TOTAL SALE PRICE |
| 8.5% | $11,656.70 | $39,242.80 | $50,899.50 | $50,899.50 |

See **Exhibit 2**.

27. It is further disclosed in RISC #2 that Mr. Brogan is to make 75 monthly payments at $678.66 per month.

28. These disclosures are false and misleading because, among other reasons, the finance charge is incorrect. Fred Beans has over stated the Finance Charge in its favor. Indeed, $39,242.80 financed at 8.5% and amortized over 75 monthly results in a finance charge of approximately **$11,478.20**, and not **$11,656.70**, the difference being approximately **$178.50**.

29. The improper financing charge further causes the disclosures to be false and misleading because, among other reasons, the "Total of Payments" and "Total Sale Price" are false.

30. Mr. Brogan detrimentally relied on the false information in the Federal Truth-In-Lending Disclosures when entering into RISC #2, and obligating himself to the terms of that contract.

31. Fred Beans again improperly included a $138 Dealer Fee that was only supposed to be a charge for the preparation of documentation in the transaction, but has no rational relationship to document preparation, and is only meant as an additional expense to increase Fred Bean's revenue.

32. RISC #2 was a valid and binding contract, and RISC #2 now represented that financing for the Vehicle was transferred to Ally Financial.

33. Mr. Brogan signed and returned RISC #2 because he was receiving notification that the payoff amount for his trade was still outstanding. Despite being required to payoff Plaintiff's outstanding loan amount on the traded in car, Fred Beans had still failed to do so, causing Plaintiff to accrue delinquencies that were reported on Plaintiff's credit report.

6

34.     Amazingly, on or about May 31, 2017, Plaintiff received another retail installment sales agreement ("RISC #3) from Fred Beans.  And yet again, the terms of the sales agreement were changed. See **Exhibit 3**.

35.     RISC #3 was dated May 24, 2017 and provides the same above noted financial disclosures as RISC #2, which are still false and misleading.

36.     Mr. Brogan detrimentally relied on the false information in the Federal Truth-In-Lending Disclosures when entering into RISC #3, and obligating himself to the terms of that contract.

37.     RISC #3 also represented that financing for the Vehicle was transferred to Ally Financial.  This time the materials sent to Mr. Brogan included a blank Ally Financial loan application. See **Exhibit 4**.  Fred Beans never secured financing with Ally Financial because there would have been no reason to send a loan application to Mr. Brogan if financing had actually been arranged.

38.     RISC #s 1, 2 and 3 required any change, including cancellation, to be in writing. Fred Beans never executed a written agreement cancelling any of the prior RISCs.

39.     The truth is, even though Fred Beans represented that the sale was final, and financing confirmed in the RISCs, Fred Beans always treated the RISCs as unilaterally enforceable at Fred Beans' option, but binding on Mr. Brogan, so that Fred Beans could sell automobiles and lock Mr. Brogan into the sale of the Vehicle.

40.     Fred Beans routinely and customarily engages in this unlawful practice.  Fred Beans issues retail installment sales contracts to consumers, representing that those contracts are final and binding, but Fred Beans disregards those contracts, as well as the financing terms, as it sees fit, thus rendering the TILA disclosures illusory.

7

41.     Fred Beans does so, among other reasons, so that it can lock consumers such as Mr. Brogan into a transaction while obligating itself to nothing.

42.     Moreover, Fred Beans wrongful actions allow it to obtain optimal revenue generation from the credit transactions by transferring its credit obligations/liability to third parties such as First Third and Ally Financial (as noted above).

43.     Specifically, Fred Beans generates revenue on the financing of automobile transactions when it transfers its financing obligations.  This fact is confirmed by the RISCs which all state in the pre-printed forms that: "The Annual Percentage Rate may be negotiable with the Seller [Fred Beans].  *The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*"

44.     The transfer of Fred Beans financing of vehicles occurs simultaneously with the execution of the retail installment sales contracts to the designated third-party financial institution named within the contracts.  In Mr. Brogan's case, Fred Beans was supposed to have transferred its financing obligations to Fifth Third immediately with the execution of RISC #1.

45.     After Fred Beans agreed to finance the purchase of the Vehicle in RISC #1, Fred Beans no longer had any permissible purpose for engaging in "hard" credit inquiries.  Nevertheless, Fred Beans continued to conduct credit inquiries, without any permissible purpose, thereby causing Plaintiff significant harm, including but not limited to privacy and credit harm.

46.     Fred Beans routinely and systematically causes hard credit inquiries to be conducted even after finalizing financing for vehicle sales, and executing retail installment sales contracts stating that financing has been transferred to a third party.

47.     The total documents supplied to Mr. Brogan along with RISC #s 1, 2 and 3 were all different in the information supplied, and length of the documentation.  However, a

8

$138 "document fee" was charged each time.   The "document fee" bears no rational relationship to the work necessary in preparing the RISCs.  Fred Beans routinely charges this fee and falsely considers it a fee for document preparation.

48.     As such, Plaintiff and the Putative Class members are entitled to statutory damages, punitive damages, and attorneys' fees and costs pursuant to the FCRA, TILA and PAUFA.

## CLASS ACTION ALLEGATIONS

49.     Plaintiff asserts his claim in Count One and Count Two on behalf of the "False Finance Charge Class" defined as follows:

> **False Finance Charge Class**:  All consumers who purchased vehicles from Fred Beans in the United States that: (1) where the retail installment sales contract falsely stated the Finance Charge; (2) were Pennsylvania residents at the time of the purchase; (3) within the three years prior to the filing of the Complaint until the date of final judgment in the action.

50.     Plaintiff asserts his claim in Counts One and Two on behalf of the "Multiple RISC Class" (illusory financing class) defined as follows:

> **Multiple RISC Class**:  All consumers who purchased vehicles from Fred Beans in the United States that: (1) entered into a retail sales installment contract with Fred Beans; (2) who were presented with more than one retail sales installment contract without a written cancellation of the prior retail installment sales contract; (3) were Pennsylvania residents at the time of the purchase; (4) within the five years prior to the filing of the Complaint until the date of final judgment in the action.

51.     Plaintiff asserts his claim in Count Two on behalf of the "Document Fee/Dealer Fee Class" defined as follows:

> **Document Fee/Dealer Fee Class**:  All consumers who entered into retail sales installment contracts with Fred Beans: (1) that included within the retail sales installment contract a Document Fee/Dealer Fee; (2) were Pennsylvania residents at the time of the purchase; (3)

within five years prior to the filing of the Complaint until the date
of final judgment in the action.

52.     Plaintiff asserts his claim in Count Three on behalf of the "Unauthorized Inquiry

Class" defined as follows:

> **Unauthorized Inquiry Class**:  All consumers who entered into
> retail sales installment contracts with Fred Beans in the United
> States: (1) where Fred Beans continued to conduct hard credit
> inquiries following the execution of the retail sales installment
> contract; (2) within five years prior to the filing of the Complaint
> until the date of final judgment in the action.

53.     **Numerosity.**  The Putative Classes are so numerous that joinder of all Class

members is impracticable.   Fred Beans regularly improperly issues retail sales installment

contracts with false finance charges; regularly issues multiple retail sales installment contracts

without any written cancellation of the prior retail sales installment contracts with consumers with

changed finance terms; regularly charges document fee/dealer fees as part of its retail sales

installment contracts that it regularly issues, that bears no rational relationship to the preparation

and completion of documents; and continues to conduct hard credit inquiries by obtaining credit

reports without any permissible purpose in violation of TILA, the FCRA and PAUFA.

54.     **Typicality.**  Plaintiff and members of the Putative Classes were harmed by the acts

of Defendant in at least the following ways: issuing retail sales installment contracts with false

finance charges; issuing multiple retail sales installment contracts without any written cancellation

of the prior retail sales installment contracts with consumers; regularly charges document

fee/dealer fees as part of their its sales installment contracts that it regularly issues, that bears no

rational relationship to the preparation and completion of documents; and continuing to conduct

hard credit inquiries by obtaining credit reports without a permissible purpose in violation of TILA,

the FCRA and PAUFA.  The TILA, the FCRA and PAUFA violations suffered by Plaintiff are

10

typical of those suffered by other members of the Putative Classes, and Fred Beans treated Plaintiff consistent with other members of the Putative Classes.

55.     **Adequacy.**  Plaintiff is an adequate representative of the Putative Classes.  As a person who was issued retail sales installment contracts with false finance charges; issued multiple retail sales installment contracts without any written cancellation of the prior retail sales installment contracts with consumers with changed finance terms; was charged document fee/dealer fee as part of Fred Beans retail sales installment contracts that it regularly issues, that bears no rational relationship to the preparation and completion of documents; and was subject to hard credit inquiries by Fred Beans without a permissible purpose all in violation of TILA, the FCRA and PAUFA, Plaintiff's interests are aligned with, and are not antagonistic to the interests of the members of the Putative Classes.  Plaintiff has retained counsel competent and experienced in complex class action litigation.

56.     **Commonality**.  Common questions of law and fact exist as to all members of the Putative Classes and predominate over any questions solely affecting individual members of the Putative Classes, including but not limited to:

a.   Whether Defendant issues retail sales installment contracts with false finance charges;

b.   Whether Defendant issues multiple retail sales installment contracts without any written cancellation of the prior retail sales installment contracts with consumers;

c.   Whether Defendant regularly charges document fee/dealer fees as part of their retail sales installment contracts;

d.   Whether Defendant conducts hard credit inquiries by obtaining credit reports without a permissible purpose in violation of TILA, the FCRA and PAUFA;

11

e.   The proper measure of statutory and punitive damages; and

f.   The proper form of injunctive and declaratory relief.

57.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(l) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.  Further, adjudication of each individual Class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

58.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Fred Beans has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

59.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of TILA, the FCRA and PAUPA.  Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar pending claims brought against Defendant by any members of the Putative Classes on an individual basis.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgment concerning Defendant's practices.

12

Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

60.     Plaintiff intends to provide notice to all members of the Putative Classes to the extent required by Rule 23.  The name and addresses of the Putative Class members are available from Defendant's records.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF TRUTH IN LENDING ACT

61.     Plaintiff incorporates by reference all other allegations and paragraphs of the Complaint as if set forth herein at length.

62.     The transaction described herein was a consumer credit transaction with the meaning of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq.

63.     Fred Beans is a "Creditor" pursuant to TILA U.S.C. § 1602(f).

64.     As a creditor, Fred Beans regularly extends consumer credit that is subject to a finance charge or payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable, 15 U.S.C. § 1602(g) and Reg. Z § 226.2(a)(17).  Defendant is also identified as the seller-creditor on the retail sales installment contracts at issue.

65.     It is the purpose of the TILA to assure a meaningful disclosure of credit terms to prevent the uninformed use of credit and to protect consumers against inaccurate and unfair practices involving certain sales.  Meaningful and timely disclosure of the terms of financing provide consumers with knowledge of the "true" cost of credit prior to consummation of the transaction, 15 U.S.C. § 1638 et seq.

13

66.     Pursuant to 15 U.S.C. § 1638, the creditor must disclose material terms such as the true finance charge, amount financed and APR.

67.     The Federal Truth in Lending Disclosures in the retail sales installment contracts were false and misleading as, among other reasons, the dealership repeatedly miscalculated the financing terms in its favor in order to generate further revenue from automobile sales.

68.     Moreover, Defendant had no intention to honor the financing terms contained in its retail sales installment contracts, which would always be subject to Defendant's unilateral determination.

69.     Plaintiff and the Putative classes are entitled to damages in the amount that the court may allow, along with attorneys' fees and expenses pursuant to 15 U.S.C. § 1640(a)(2)(A)(i) and 15 U.S.C. 1640(a)(3).

**COUNT TWO**
**VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND**
**CONSUMER PROTECTION LAW**

70.     Plaintiff incorporates by reference all other allegations and paragraphs of the Complaint as if set forth herein at length.

71.     The PAUFA, 73 P.S. §201-1 provides a private right of action for any consumer who "suffers any ascertainable loss of money or property" as a result of an unlawful method, act or practice. 73 P.S. § 201-9.2(a).

72.     PAUFA makes it unlawful for a person to engage in unlawful business practices, including, but not limited to any "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. §201-2(4)(xvii).

73.     Defendant violated PAUFA by, among other reasons, knowingly stating false finance charges in retail installment sales contracts that it routinely and regularly enters into with

14

consumers.

74.     Defendant further violated PAUFA by, among other reasons, charging consumers in its retail sales installment agreements dealer fees that were purportedly for services rendered in preparing documentation for automobile sales.  The dealer fees, however, bear no relationship to costs associated with document preparation, but are actually a hidden expense to consumers so the Defendant can generate further revenue from automobile sales.

75.     Defendant further violates PAUFA by, among other reasons, presenting consumers with numerous retail sales installment contracts for Defendants own benefit, even though the contracts are final binding agreements, for Defendant's own benefit so that consumers are bound by the agreement while the Defendant is not.

76.     Plaintiff and the Putative Class are entitled to three times statutory damages, including attorneys' fees and costs.

## COUNT THREE
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

77.     Plaintiff incorporates by reference all other allegations and paragraphs of the Complaint as if set forth herein at length.

78.     Plaintiff is a "consumer" as defined by the FCRA.

79.     Fred Beans is a "person" as defined by the FCRA.

80.     Fred Beans used a "consumer report," as defined by the FCRA.

81.     Defendant violated Sections 1681n and 1681o of the Fair Credit Reporting Act by willfully and negligently causing unauthorized and excessive credit inquiries to be made of Plaintiff and the Class.

82.     Inquiries are listed on a credit report, and the number and frequency of inquiries noted on a person's credit file materially affects their credit score.   The credit score affects, among

other things, the ability of a party to obtain credit and the terms of the credit.

83.     The conduct of Defendant was a direct and proximate cause, as well as a substantial

factor in bringing about the harm to the Plaintiff and Class that are outlined more fully above and,

as a result, Defendant is liable to Plaintiff and the Class for the full amount of statutory damages,

punitive damages, attorney's fees and costs of litigation, as well as such further relief, as may be

permitted by law.

84.     The foregoing violations were willful.  Fred Beans knew that it was required to

obtain Plaintiff's consent prior to submitting subsequent credit inquiries after it agreed to provide

financing.  Fred Beans acted in deliberate or reckless disregard of its obligations and the rights of

Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(i).

85.     Plaintiff and the Putative Class are entitled to statutory damages of not less than

$100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C.

§ 1681n(a)(l)(A).

86.     Plaintiff and the Putative Class are also entitled to punitive damages for these

violations, pursuant to 15 U.S.C. § 1681n(a)(2).

87.     Plaintiff and the Putative Class are further entitled to recover their costs and

attorneys' fees, pursuant to 15 U.S.C.  § 1681n(a)(3).

### PRAYER FOR RELIEF

88.     WHEREFORE, Plaintiff, on behalf of himself and the Putative Classes, prays for

relief as follows:

    a.   Determining that this action may proceed as a class action under Rule 23 of the
        Federal Rules of Civil Procedure;

    b.   Designating Plaintiff as class representative and designating Plaintiff's counsel

16

as counsel for the Putative Class;

    c.   Issuing proper notice to the Putative Classes at Defendant's expense;

    d.   Declaring that Fred Beans committed multiple, separate violations of the law;

    e.   Declaring that Fred Beans acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the law;

    f.   Awarding appropriate equitable relief, including, but not limited to an injunction forbidding Fred Beans from engaging in further unlawful conduct;

    g.   Awarding statutory damages and punitive damages as provided by the law;

    h.   Awarding reasonable attorneys' fees and costs as provided under the law; and

    i.   Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

89.    Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**THE KIM LAW FIRM, LLC**

BY:    */s/ Richard H. Kim   (RHK 8964)*
Richard Kim, Esquire
Attorney I.D. No.: 202618
Centre Square – West Tower
Suite W-3110
Philadelphia, PA 19102
Ph. 855-996-6342/Fax 855-235-5855
rkim@thekimlawfirmllc.com

17

Kevin J. Kotch, Esquire
Attorney I.D. No.:  70116
Ferrara Law Group, P.C.
One State Street Square
50 W State St., Suite 1100
Trenton, NJ 08608
609.571.3742 (Tel)
609.498.7440 (Fax)
kevin@ferraralawgp.com

*Attorneys for Plaintiff Christopher Brogan*

Dated: December 15, 2017

EXHIBIT 1

RETAIL INSTALLMENT SALE CONTRACT
SIMPLE FINANCE CHARGE

DEAL # 73069

| Dealer Number | Contract Number |
|---|---|

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| CHRISTOPHER M BROGAN 473 PENNSYLVANIA AVE READING PA 19606-9092 BERKS | | FRED BEANS CHEVROLET 845 N EASTON RD DOYLESTOWN, PA 18902 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing below, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Mfg Gross Vehicular Weight | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2016 | SUBARU IMPREZA | | JF1VA2M6XG9804797 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ _____ |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $0.00 is |
|---|---|---|---|---|
| 8.74 % | $12011.45 | $9242.80 | $51254.25 | $51254.25 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | 683.39 | Monthly beginning 05/04/2017 |
| N/A | N/A | N/A |

Or As Follows:

N/A

**Late Charge.** If payment is not paid in full within 10 days after it is due, you will pay a late charge. If the vehicle is a heavy commercial motor vehicle, the charge will be 4% of the part of the payment that is late. Otherwise, the charge will be 2% of the part of the payment that is late.

**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1 Cash Price

| | | |
|---|---|---|
| Vehicle | $ 32591.00 | |
| Accessories and Installation | $ N/A | |
| Government Taxes | $ 1132.62 | |
| Vehicle Delivery | $ N/A | |
| N/A for N/A | $ N/A | |
| N/A for N/A | $ N/A | |
| N/A for N/A | $ N/A | |
| N/A for N/A | $ N/A | |
| N/A for N/A | $ N/A | |
| N/A for N/A | $ N/A | |
| N/A for N/A | $ N/A | |
| N/A for N/A | $ N/A | |
| | $ 33723.62 | (1) |

2 Total Downpayment =

Trade-In 2013 HYUNDAI GE
Trade-In KMHHU6KJ9DU100334 (Model)
(VIN)

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ 16000.00 | |
| Less Pay Off Made by Seller | $ 22334.63 | |
| Equals Net Trade In | $ -6334.63 | |
| + Cash | $ 4000.00 | |
| + Other N/A | $ N/A | |
| (If total downpayment is negative, enter "0" and see 4H below) | | |

3 Unpaid Balance of Cash Price (1 minus 2) — $0.00 (2)

4 Other Charges Including Amounts Paid to Others on Your Behalf — $ 33723.62 (3)

A Cost of Optional Credit Insurance Paid to Insurance
  Company or Companies

| | Term | | |
|---|---|---|---|
| Life | N/A | $ | N/A |
| Disability | N/A | $ | N/A |

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

*Check the insurance you want and sign below:*

**Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:

Credit Life $ N/A
Credit Disability $ N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance pays the unpaid part of the Amount Financed if you die. This insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance pays the scheduled payments due under this contract while you are disabled. This insurance does not cover any increase in your payment or in the number of payments. The policies or certificates issued by the named insurance companies may further limit the coverage that credit life insurance or credit disability insurance provides. See the policies or certificates for coverage limits or other terms and conditions.

### Other Optional Insurance

☐ N/A                                 N/A
        Type of Insurance          Term

Premium $ N/A
Description of Coverage N/A
N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

☐ N/A                                 N/A
        Type of Insurance          Term

Premium $ N/A
Description of Coverage N/A
N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance

| | | | | | |
|---|---|---|---|---|---|
| A | Cost of Optional Credit Insurance Paid to Insurance Company or Companies | | | | |
| | Life | Term N/A | $ | N/A | |
| | Disability | Term N/A | $ | N/A | |
| B | Other Optional Insurance Paid to Insurance Company or Companies | | | | |
| | (Describe) N/A | Term N/A | $ | N/A | |
| | (Describe) N/A | Term N/A | $ | N/A | |
| C | Official Fees Paid to Government Agencies | | | | |
| | ST OF PA | for PA TIRE TAX | $ | 5.00 | |
| | ST OF PA | for TRANSFER FEE | $ | N/A | |
| | ST OF PA | for Temp Tag | $ | 28.00 | |
| D | Optional Gap Contract | | $ | 595.00 | |
| E | Government Taxes Not Included in Cash Price | | $ | N/A | |
| F | Government License and/or Registration Fees | | | | |
| | Registra | | $ | 36.00 | |
| G | Government Certificate of Title Fees | | $ | 75.00 | |
| | (includes $ 21.00 security interest recording fee) | | | | |
| H | Other Charges (Seller must identify who is paid and describe purpose) | | | | |
| | to | for Prior Credit or Lease Balance | | | |
| | RESOURCE | for SERV.CONT. | $ | 2334.63 | |
| | N/A | for N/A | $ | 2286.00 | |
| | REG USA | for Electronic Regi | $ | N/A | |
| | FRED BEANS CHEV | for DEALER FEE | $ | 16.55 | |
| | BERKS | for LOCAL COUNTY FE | $ | 138.00 | |
| | N/A | for N/A | $ | 5.00 | |
| | N/A | for N/A | $ | N/A | |
| | N/A | for N/A | $ | N/A | |
| | N/A | for N/A | $ | N/A | |
| | Total Other Charges and Amounts Paid to Others on Your Behalf | | $ | 5519.18 | (4) |

5 Amount Financed (3 + 4) $ 39242.80 (5)
6 Finance Charge $ 12011.45 (6)
7 Total of Payments-Time Balance (5 + 6) $ 51254.25 (7)

**Credit life insurance and credit disability insurance are not required to obtain credit.** (right column top)

This optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
I want the insurance checked above.

X  N/A
Buyer Signature                          Date

X  N/A
Co-Buyer Signature                       Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

Returned Check Charge: You agree to pay the costs we actually pay to others if any check you give us is dishonored.

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 75 Mos. RESOURCE
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____

---

**If you do not meet your contract obligations, you may lose the vehicle.**

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A , Yes N/A . SELLER'S INITIALS N/A

### NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.   Buyer Signs X _____   Co-Buyer Signs X N/A
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
You authorize us to obtain information about you, or the vehicle you are buying, from the state motor vehicle department or other motor vehicle registration authorities.
See back for other important agreements.

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

NOTICE TO BUYER. DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BUYER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE BUYER SHALL NOT EXCEED AMOUNTS PAID BY THE BUYER HEREUNDER.

Buyer Signs X _____ Date 3/20/17 Co-Buyer Signs X N/A Date _____

**You agree to the terms of this contract.** You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____ Date 3/20/17 Co-Buyer Signs X N/A Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X N/A Address N/A
Seller Signs FRED BEANS CHEVROLET Date 3/20/17 By X _____ Title _____
Seller assigns its interest in this contract to FIFTH THIRD BANK (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse   XX Assigned without recourse   ☐ Assigned with limited recourse

Seller FRED BEANS CHEVROLET By _____ Title _____

LAW FORM NO. 553-PA (REV. 12/14) U.S. PATENT NO. D460,782
©2014 The Reynolds and Reynolds Company  TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM, CONSULT YOUR OWN LEGAL COUNSEL.

FILE COPY

EXHIBIT 2

## RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

Dealer Number _____   Contract Number _____

DEAL # 73470

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| CHRISTOPHER M BROGAN<br>473 PENNSYLVANIA AVE<br>READING PA 19606-9092 BERKS | | FRED BEANS CHEVROLET<br>845 N EASTON RD<br>DOYLESTOWN, PA 18902 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Mfg Gross Vehicular Weight | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2016 | SUBARU IMPREZA | | JF1VA2M6XG9804797 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural   ☐ |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 8.50 % | $1656.70 | $9242.80 | $10899.50 | $10899.50 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | 678.66 | Monthly beginning 05/04/2017 |
| N/A | N/A | N/A |

Or As Follows:

N/A

**Late Charge.** If payment is not paid in full within 10 days after it is due, you will pay a late charge. If the vehicle is a heavy commercial motor vehicle, the charge will be 4% of the part of the payment that is late. Otherwise, the charge will be 2% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.
If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
**Optional Credit Insurance**
☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both

Premium:
Credit Life $ _____ N/A
Credit Disability $ _____ N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

*Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance pays the unpaid part of the Amount Financed if you die. This insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance pays the scheduled payments due under this contract while you are disabled. This insurance does not cover any increase in your payment or in the number of payments. Credit insurance may further limit the coverage that credit life insurance or credit disability insurance provides. See the policies or certificates for coverage limits or other terms and conditions.*

### ITEMIZATION OF AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1  Cash Price

| | |
|---|---|
| Vehicle | $2591.00 |
| Accessories and Installation | $ N/A |
| Government Taxes | $ 1132.62 |
| Vehicle Delivery | $ N/A |
| N/A     to N/A | $ N/A |
| N/A     to N/A | $ N/A |
| N/A     to N/A | $ N/A |
| N/A     to N/A | $ N/A |
| N/A     to N/A | $ N/A |
| N/A     to N/A | $ N/A |
| N/A     to N/A | $ N/A |
| N/A     to N/A | $ N/A |
| | $3723.62  (1) |

2  Total Downpayment =
Trade-in 2013 HYUNDAI GE
Trade-in KMHTU6KJ9DU100334       (Model)
                    (VIN)

| | |
|---|---|
| Gross Trade-In Allowance | $6000.00 |
| Less Pay Off Made By Seller | $2334.63 |
| Equals Net Trade In | $6334.63 |
| + Cash | $4000.00 |
| + Other N/A | $ N/A |
| (If total downpayment is negative, enter "0" and see 4H below) | 0.00  (2) |

3  Unpaid Balance of Cash Price (1 minus 2)        $3723.62  (3)

4  Other Charges Including Amounts Paid to Others on Your Behalf

### Other Optional Insurance

| N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ _____ N/A
Description of Coverage N/A
N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

| N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ _____ N/A
Description of Coverage N/A
N/A
Insurance Company Name N/A
N/A

| A | Cost of Optional Credit Insurance Paid to Insurance Company or Companies | | | | Home Office Address | N/A |
|---|---|---|---|---|---|---|

Life  Term N/A  $ N/A
Disability  Term N/A  $ N/A  $ N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
I want the insurance checked above.

**X  N/A**
Buyer Signature                          Date

B  Other Optional Insurance Paid to Insurance Company or Companies
(Describe) N/A  Term N/A  $ N/A
(Describe) N/A  Term N/A  $ N/A

C  Official Fees Paid to Government Agencies
St OF PA  to PA TIRE TAX  $ 5.00
St OF PA  to TRANSFER FEE  $ N/A
St OF PA  to Temp Tag  $ 28.00

**X  N/A**
Co-Buyer Signature                       Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

D  Optional Gap Contract  $ 595.00
E  Government Taxes Not Included in Cash Price  $ N/A
F  Government License and/or Registration Fees
Registra  $ 36.00

Returned Check Charge: You pay the costs we actually pay to others if any check you give us is dishonored.

G  Government Certificate of Title Fees
(Includes $ 24.00 ___ security interest recording fee)  $ 75.00

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

H  Other Charges (Seller must identify who is paid and describe purpose)

| to | for Prior Credit or Lease Balance | $ 2334.63 |
|---|---|---|
| RESOURCE | to SERV. CONT. | $ 2286.00 |
| N/A | to N/A | $ N/A |
| REG USA | to Electronic Regi | $ 16.55 |
| FRED BEANS CHEV | to DEALER FEE | $ 138.00 |
| BERKS | to LOCAL COUNTY FE | $ 5.00 |
| N/A | to N/A | $ N/A |
| N/A | to N/A | $ N/A |
| N/A | to N/A | $ N/A |
| N/A | to N/A | $ N/A |

Term 75  Mos RESOURCE
                        Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X *Chris Brogan*

Total Other Charges and Amounts Paid to Others on Your Behalf  $ 5519.18  (4)

5  Amount Financed (3 + 4)  $ 9242.80  (5)
6  Finance Charge  $ 1656.70  (6)
7  Total of Payments-Time Balance (5 + 6)  $ 10899.50  (7)

---

**If you do not meet your contract obligations, you may lose the vehicle.**

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A , N/A . SELLER'S INITIALS N/A

**NO COOLING OFF PERIOD**
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.  Buyer Signs X *Chris Brogan*  Co-Buyer Signs X N/A
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
You authorize us to obtain information about you, or the vehicle you are buying, from the state motor vehicle department or other motor vehicle registration authorities.
See back for other important agreements.

---

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

NOTICE TO BUYER. DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BUYER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE BUYER SHALL NOT EXCEED AMOUNTS PAID BY THE BUYER HEREUNDER.

Buyer Signs X *Chris Brogan*  Date 03/20/17  Co-Buyer Signs X N/A  Date _____

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X *Chris Brogan*  Date 03/20/17  Co-Buyer Signs X N/A  Date _____

Co-Buyers and Other Owners - A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other owner signs here X  N/A  Address N/A
Seller Signs FRED BEANS CHEVROLET  Date 03/20/17  By X _____  Title _____

Seller assigns its interest in this contract to  ALLY FINANCIAL  (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse  XX ☐ Assigned without recourse  ☐ Assigned with limited recourse

Seller FRED BEANS CHEVROLET  By _____  Title _____

LAW™ FORM NO. 553-PA (REV. 12/14) U.S. PATENT NO. D480,782
©2014 The Reynolds and Reynolds Company  TO ORDER: www.reylawstore.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM, CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL LIENHOLDER

EXHIBIT 3

Ptg. 8/15

## RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

Dealer Number _____    Contract Number _____

DEAL # 73470

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| CHRISTOPHER M BROGAN 473 PENNSYLVANIA AVE READING PA 19606-9092 BERKS | | FRED BEANS CHEVROLET 845 N EASTON RD DOYLESTOWN, PA 18902 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Mfg Gross Vehicular Weight | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2016 | SUBARU IMPREZA | | JF1VA2M6XG9804797 | Personal, family, or household unless otherwise indicated below ☐ business  * ☐ agricultural          ☐ _____ |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $0.00 is |
|---|---|---|---|---|
| 8.50 % | $11656.70 | $39242.80 | $50899.50 | $50899.50 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | 678.66 | Monthly beginning 07/03/2017 |
| N/A | N/A | N/A |

Or As Follows:

N/A

**Late Charge.** If payment is not paid in full within 10 days after it is due, you will pay a late charge. If the vehicle is a heavy commercial motor vehicle, the charge will be 4% of the part of the payment that is late. Otherwise, the charge will be 2% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**ITEMIZATION OF AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)**

1 Cash Price
| | | |
|---|---|---|
| Vehicle | | $32591.00 |
| Accessories and Installation | | $ N/A |
| Government Taxes | | $ 1132.62 |
| Vehicle Delivery N/A | | $ N/A |
| N/A | for N/A | $ N/A |
| N/A | for N/A | $ N/A |
| N/A | for N/A | $ N/A |
| N/A | for N/A | $ N/A |
| N/A | for N/A | $ N/A |
| N/A | for N/A | $ N/A |
| N/A | for N/A | $ N/A |
| | | $33723.62 (1) |

2 Total Downpayment =
Trade-In 2013 HYUNDAI GE
KMHHU6KJ9DU100334 (Model)
(VIN)
| | |
|---|---|
| Gross Trade-In Allowance | $16000.00 |
| Less Pay Off Made By Seller | $22334.63 |
| Equals Net Trade In | $-6334.63 |
| + Cash | $ 4000.00 |
| + Other N/A | $ N/A |
(If total downpayment is negative, enter "0" and see 4H below)    $ 0.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2)    $33723.62 (3)
4 Other Charges Including Amounts Paid to Others on Your Behalf
   A Cost of Optional Credit Insurance Paid to Insurance
      Company or Companies
      N/A    $ N/A

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.
If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below.

**Optional Credit Insurance**
☐ Credit Life:   ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability:   ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:
Credit Life $ _____ N/A
Credit Disability $ _____ N/A
Insurance Company Name N/A
N/A

Home Office Address N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance pays the unpaid part of the Amount Financed if you die. This insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance pays the scheduled payments due under this contract while you are disabled. This insurance does not cover any increase in your payment or in the number of payments. The policies or certificates issued by the named insurance companies may further limit the coverage that credit life insurance or credit disability insurance provides. See the policies or certificates for coverage limits or other terms and conditions.

**Other Optional Insurance**
☐ N/A
Type of Insurance    N/A    Term
Premium $ _____ N/A
Description of Coverage N/A
N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A
☐ N/A
Type of Insurance    N/A    Term
Premium $ _____ N/A
Description of Coverage N/A
N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

3 Unpaid Balance (1 minus 2) ....... $ 9.00 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf

A Cost of Optional Credit Insurance Paid to Insurance
Company or Companies

Life _____ Term N/A $ N/A

Disability _____ Term N/A $ N/A $ N/A

B Other Optional Insurance Paid to Insurance Company or Companies

(Describe) N/A _____ Term N/A $ N/A

(Describe) N/A _____ Term N/A $ N/A

C Official Fees Paid to Government Agencies

Sd OF PA for PA TIRE TAX $ 5.00

Sd OF PA for TRANSFER FEE $ N/A

Sd OF PA for Temp Tag $ 28.00

D Optional Gap Contract $ 595.00

E Government Taxes Not Included in Cash Price $ N/A

F Government License and/or Registration Fees
Registra $ 36.00

G Government Certificate of Title Fees
(Includes $ 24.00 security interest recording fee) $ 75.00

H Other Charges (Seller must identify who is paid and
describe purpose)

to for Prior Credit or Lease Balance

RESOURCE for SERV.CONT. $ 2334.63

N/A for N/A $ 2286.00

REG USA for Electronic Regi $ N/A

RED BEANS CHEV for DEALER FEE $ 16.55

BERKS for LOCAL COUNTY FE $ 138.00

N/A for N/A $ 5.00

N/A for N/A $ N/A

N/A for N/A $ N/A

N/A for N/A $ N/A

Total Other Charges and Amounts Paid to Others on Your Behalf $ 5519.18 (4)

5 Amount Financed (3 + 4) $39242.80 (5)

6 Finance Charge $11656.70 (6)

7 Total of Payments-Time Balance (5 + 6) $50899.50 (7)

---

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
I want the insurance checked above.

X N/A

Buyer Signature _____ Date _____

X N/A

Co-Buyer Signature _____ Date _____

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

Returned Check Charge: You agree to pay the costs we actually pay to others if any check you give us is dishonored.

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 75 Mos RESOURCE
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____

---

**If you do not meet your contract obligations, you may lose the vehicle.**

OPTION: ☐ You pay no finance charge if the Amount Financed, Item 5, is paid in full on or before N/A , N/A . SELLER'S INITIALS N/A

**NO COOLING OFF PERIOD**
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.* Buyer Signs X _____ Co-Buyer Signs X N/A

*If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.*

*You authorize us to obtain information about you, or the vehicle you are buying, from the state motor vehicle department or other motor vehicle registration authorities.*

See back for other important agreements.

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

NOTICE TO BUYER. DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BUYER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE BUYER SHALL NOT EXCEED AMOUNTS PAID BY THE BUYER HEREUNDER.

Buyer Signs X _____ Date 05/19/17 Co-Buyer Signs X N/A Date _____

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____ Date 05/19/17 Co-Buyer Signs X N/A Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X N/A Address N/A

Seller Signs FRED BEANS CHEVROLET Date 05/19/17 By X _____ Title _____

Seller assigns its interest in this contract to ALLY FINANCIAL (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse XX ☐ Assigned without recourse ☐ Assigned with limited recourse

Seller FRED BEANS CHEVROLET By _____ Title _____

ILAW FORM NO. 553-PA (REV. 12/14) U.S. PATENT NO. D480,782
©2014 The Reynolds and Reynolds Company TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL LIENHOLDER

EXHIBIT 4



| Application Type: | Transaction Type: | Dealer Number |
|---|---|---|
| ○ Individual   ○ Business | ○ Retail   ○ Lease   ○ Balloon | |

**APPLICANT INFORMATION**

| Last Name (or trade name of business) | First | | Middle Initial | Suffix (Jr.) | Date of Birth | Soc. Sec. # (or Tax ID #) |
|---|---|---|---|---|---|---|

| Home (or business) Phone Number | Cell Phone Number | Type of Enterprise  ○ Corporation  ○ Partnership  ○ LLC  ○ Proprietorship | Type of Business | Years in Business  Years  Months |
|---|---|---|---|---|

| E-Mail Address | | Present Address | Zip Code | City | State |
|---|---|---|---|---|---|

| Time at Present Address  Years  Months | Residence Type  ○ Owns Outright  ○ Buying  ○ Renting/Leasing  ○ Family  ○ Other | Monthly Rent/Mortgage Payment |
|---|---|---|

Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation.

| Present Job Title | Present Employer | Employer Phone Number |
|---|---|---|

| Time at Present Job  Years  Months | Gross Income | Income Received  ○ Monthly  ○ Yearly |
|---|---|---|

**CO-APPLICANT INFORMATION**

| Last Name (or trade name of business) | First | | Middle Initial | Suffix (Jr.) | Date of Birth | Soc. Sec. # (or Tax ID #) |
|---|---|---|---|---|---|---|

| Home (or business) Phone Number | Cell Phone Number | Type of Enterprise  ○ Corporation  ○ Partnership  ○ LLC  ○ Proprietorship | Type of Business | Years in Business  Years  Months |
|---|---|---|---|---|

| E-Mail Address | | Present Address | Zip Code | City | State |
|---|---|---|---|---|---|

| Time at Present Address  Years  Months | Residence Type  ○ Owns Outright  ○ Buying  ○ Renting/Leasing  ○ Family  ○ Other | Monthly Rent/Mortgage Payment |
|---|---|---|

Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation.

| Present Job Title | Present Employer | Employer Phone Number |
|---|---|---|

| Time at Present Job  Years  Months | Gross Income | Income Received  ○ Monthly  ○ Yearly |
|---|---|---|

**DEALER USE ONLY**

| Intended Use  ○ Personal   ○ Business       # of Units _____ | VIN | | Vehicle Year | Make | Model |
|---|---|---|---|---|---|
| **New/Used** | Style/Trim | Mileage | Cylinders | Trade Vehicle Year | Trade Make |
| ○ New   ○ Demo | Trade Model | Cash Selling Price/Cap Cost | | Taxes | Title/Lic./Reg./Other Fees |
| ○ Used   ○ Certified Used | Cash Downpayment | Rebate | Trade Allowance | Trade Balance Owed |
| ○ Auction | | | | |
| **Special Programs** | Service/Maint. Contract | GAP | Other Insurance | |
| ○ College Grad   ○ Credit Line | | | | |
| ○ ComTRAC   ○ Custom Pmt. Plan | Credit Life | Credit Disability | Term | Est. Monthly Payment |
| ○ Lease to Retail   ○ SmartBeginnings | | | | |
| ○ Lease Loyalty   ○ Single Pmt. Lease | MSRP | Wholesale (EDC/AWV) | Van Conversion/Upfit Cost | Security Deposit |

**SIGNATURES**

We intend to apply for joint credit.  Applicant_____  Co-Applicant_____  (initials only)

See Page 2 for important notices.  By signing below, I certify that I have read and agree to the terms of this application including terms on Page 2.

_____ Date _____     _____ Date _____
Applicant's Signature                              Co-Applicant's Signature

3071 JOINT  7/2010 (Joint Express Application) Copyright 2010 Ally Financial.  All Rights Reserved.          Page 1 of 2